# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

### NO. 03-10-00013-CR

**Frank Calderon, Appellant**

**v.**

**The State of Texas, Appellee**

### FROM THE DISTRICT COURT OF TRAVIS COUNTY, 427TH JUDICIAL DISTRICT
### NO. D-1-DC-06-302394, HONORABLE FRED A. MOORE, JUDGE PRESIDING

### M E M O R A N D U M   O P I N I O N

A jury convicted appellant Frank Calderon of the offense of aggravated sexual assault of a child. *See* Tex. Penal Code Ann. § 22.021(a)(2)(B) (West Supp. 2010). Punishment was assessed at 60 years' imprisonment.

Calderon was charged with three counts of aggravated sexual assault of a child and three counts of indecency with a child. The jury heard evidence that Calderon, on more than one occasion, sexually assaulted A.B., his step-niece, when she was five or six years old. A.B., who was nine years old at the time she testified at trial, described in detail the circumstances surrounding the incidents, including the location where they allegedly occurred—a tunnel in a park near her home. According to A.B., on some days when she went to the park alone, Calderon would find her inside the tunnel and engage in sexual acts with her there. Although A.B. could not remember how many times this occurred, she testified that it happened "more than once."

Other witnesses called by the State included Kay Sloan, A.B.'s primary caregiver; Misty Calderon, A.B.'s biological mother; Vanessa Carmona, an investigator with Child Protective Services; Cyndi Cantu, the director of forensic services at the Center for Child Protection; and Miriam Janskey, A.B.'s therapist. Each of these witnesses testified concerning what A.B. had told them regarding the incidents.

Dr. Beth Nauert, a pediatrician and the medical director of the Child Assessment Program, performed a physical exam of A.B. According to Nauert, A.B. had a "normal" genital exam, meaning that Nauert found no evidence of injuries or scarring. Nauert testified that this was not surprising, as the "incidents of abnormal examinations in kids with known sexual abuse is very low."

Dr. William Carter, a psychologist, was called by the State to give expert testimony regarding child sexual abuse. Although Carter had not examined or treated A.B., he answered hypothetical questions concerning the psychological and behavioral patterns often observed in the victims and perpetrators of child sexual abuse.

Sergeant William Dupre of the Austin Police Department investigated the allegations. During the investigation, Dupre interviewed Calderon over the phone. An audio recording of that conversation was admitted into evidence, and Dupre also testified as to what was said during the call. During the call, Calderon denied knowing who the victim was and claimed to "know nothing about" the accusations against him.

Three witnesses testified for the defense: Calderon's mother, Lupe; his sister, Betty Jo; and his brother, Fernando. Calderon's relatives testified that he was mentally disabled and that he never went anywhere by himself, including the park where the abuse allegedly occurred.

The jury found Calderon guilty only of aggravated sexual assault of a child as alleged in count one of the indictment.[1] Evidence considered by the jury during punishment included the testimony of Dr. Richard Coons, an expert witness for the State who had evaluated Calderon prior to trial and determined that Calderon was "not mentally ill" and "not mentally retarded," and Dr. Ollie Seay, a defense witness who had also evaluated Calderon prior to trial and had given him a "provisional" diagnosis of "moderate mental retardation." However, on cross-examination, Seay admitted that his evaluation was incomplete and that he could not provide "an unqualified diagnosis." The jury subsequently assessed punishment at 60 years' imprisonment, and the district court sentenced Calderon accordingly. This appeal followed.

Calderon's court-appointed attorney has filed a motion to withdraw supported by a brief concluding that the appeal is frivolous and without merit. The brief meets the requirements of *Anders v. California*, 386 U.S. 738 (1967), by presenting a professional evaluation of the record demonstrating why there are no arguable grounds to be advanced. *See also Penson v. Ohio*, 488 U.S. 75 (1988); *High v. State*, 573 S.W.2d 807 (Tex. Crim. App. 1978); *Currie v. State*, 516 S.W.2d 684 (Tex. Crim. App. 1974); *Jackson v. State*, 485 S.W.2d 553 (Tex. Crim. App. 1972); *Gainous*

---

[1] Counts one and two of the indictment were charged in the disjunctive. In other words, the jury was instructed that it could find Calderon "not guilty of both, or guilty of only one of Counts I and II." The jury found Calderon not guilty of count three of the indictment. Counts four, five, and six of the indictment (the indecency counts) were not submitted to the jury.

*v. State*, 436 S.W.2d 137 (Tex. Crim. App. 1969). Calderon received a copy of counsel's brief and was advised of his right to examine the appellate record and to file a pro se brief. No pro se brief has been filed.

We have reviewed the record and counsel's brief and agree that the appeal is frivolous and without merit. We find nothing in the record that might arguably support the appeal. Counsel's motion to withdraw is granted.

The judgment of conviction is affirmed.

_____

Bob Pemberton, Justice

Before Chief Justice Jones, Justices Puryear and Pemberton

Affirmed

Filed:   April 6, 2011

Do Not Publish

4